UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CORINE CARR, Plaintiff, | : | CIVIL ACTION NOS. |
| | : | 3:09-cv-44 (JCH) |
| | : | 3:09-cv-131 (JCH) |
| v. | : | 3:09-cv-137 (JCH) |
| | : | 3:09-cv-138 (JCH) |
| UNITED STATES OF AMERICA, | : | 3:09-cv-144 (JCH) |
| Defendant. | : | 3:09-cv-147 (JCH) |
| | : | |
| | : | FEBRUARY 5, 2009 |

**RULING PURSUANT TO 28 U.S.C. § 1915[1]**

## I. INTRODUCTION

Between January 13 and January 26, 2009, plaintiff, Corine Carr, initiated six cases against defendant, United States of America. In all six cases, Carr proceeds pro se and in forma pauperis. While Carr's Complaints are difficult to parse, it appears that all six suits are based on alleged violations of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), by the United States Postal Service ("USPS") and/or its employees.

Because Carr proceeds in forma pauperis, the court conducts an initial screening of each Complaint to ensure that the case advances only if it meets certain requirements. Specifically, "[t]he court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). After reviewing Carr's six Complaints, the court finds that the cases cannot be allowed to proceed. For the reasons herein, the Complaints are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

[1] The Clerk is directed to docket this Ruling in each of the six cases.

## II. STANDARD OF REVIEW

The court construes pro se complaints liberally. See Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008). Thus, “when an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under section 1915(e)(2)(B)(i) even if the complaint fails to ‘flesh out all the required details.’” Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990).

The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. The Second Circuit has stated that:

> An action is "frivolous" when either: (1) "the ‘factual contentions are clearly baseless,’ such as when allegations are the product of delusion or fantasy;" or (2) "the claim is ‘based on an indisputably meritless legal theory." Nancy v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Accordingly, "[a] complaint will be dismissed as ‘frivolous’ when ‘it is clear that the defendants are immune from suit.’" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)).

## III. BACKGROUND

### A. Carr’s Previous Suits

From November 2001 through November 2002, Carr commenced two lawsuits

against the USPS, Hamden Branch, and one against the United States of America, alleging injuries sustained due to, inter alia, shock forces and voices emanating from, or created by, the USPS and/or its employees. All three cases ended in judgment for the defendant. See Carr v. U.S. Postal Service, Hamden Branch, 01-cv-2175 (DFM); Carr v. United States of America, 02-cv-375 (DFM); Carr v. U.S. Postal Service, Hamden Branch, 02-cv-2100 (DJS). Three years later, in September 2005, Carr filed another suit against the United States of America concerning injuries she allegedly sustained due to shock forces, currents, and voices at the Dixwell Avenue Post Office in Hamden between August 2002 and February 2005. Again, judgment entered for the defendant. See Ruling Granting Defendant's Motion for Summary Judgment, Doc. No. 26, 05-cv-1474 (JCH).

The court is not aware of any appeals taken in Carr's previous suits. In one of the current Complaints, Carr notes that, "each time(s) that the plaintiff attempted to appeal the court's trier erroneous decision(s), the plaintiff was physically attacked by physical inflictional hardship forces that prevented the plaintiff's anatomy parts to function . . . ." Complaint, 09-cv-138 (JCH), at 2-C.

It bears noting that in its January 22, 2007 ruling in 05-cv-1474 (JCH), this court observed that, "Carr has been diagnosed as suffering from paranoid schizophrenia and is under the care of a psychiatrist. She began feeling the shocks and hearing the voices while at home in 1991, and the incidents became constant since 1998." See Ruling, Doc. No. 26, 05-cv-1474 (JCH), at 5. In at least one of her current Complaints, Carr states that she is "constantly under the care of Dr. Robert Ostroff/Telleo, Spectrum Psychiatric Group, 60 Washington Av., Hamden." Complaint, 09-cv-144 (JCH), at 3-F.

B. Factual Allegations in the Instant Complaints

The six lawsuits the court presently considers were all filed by Carr within a one-week period in January 2009. All six suits name the United States of America as the sole defendant and allege injuries caused by the USPS and/or its employees. The Complaints contain allegations of injuries stemming from numerous incidents that allegedly occurred between 2001 and 2008 involving USPS facilities or employees.[2] The incidents and injuries described are similar, if not identical, to those found to be without merit in Carr's earlier lawsuits.[3] Due to the repetitive nature of the Complaints, the court will not describe each of the alleged incidents in detail, but rather will briefly summarize each of Carr's six Complaints.

1. 09-cv-44 (JCH)

In her first suit, Carr alleges that she was injured by:

> . . . extremely strong and powerful violent and forceful projectile hurling thrustful inflictional impact strikes forces of extremely loud musical transmittal noise sound forces, that came from and that emitted outwardly from [a] female postal service delivery person['s] transmittal signaling device instrument(s), as that postal service employee stood at [Carr's] home front entrance gate.

Complaint, 09-cv-44 (JCH), at 3. Specifically, Carr claims that these forces caused her to suffer "physical pain and tensional spasmodic stiffness muscle seizures" and "mental and emotional disturbed annoyance, anguish distress, shameful embarrassment

---

[2]It is unclear to the court why Carr chose to file six separate suits, as the defendant, the nature of the claims, and the general time periods of the alleged incidents seem to be uniform across all the cases.

[3]Carr readily admits that a number of her present claims have previously been considered by this court and found to be without merit. See Complaint, 09-cv-138 (JCH), at 2-A ("On or about November 7, 2002, the plaintiff filed legal actions against the defendant for the same personal injuries, in the U.S. District Court under Docket No. 3:02-cv-2100 (DJS), on October 7, 2004, court's finding and ruling Summary Judgment granted to defendant . . .") (emphasis added).

discomfort distress and fearful and frightful sensational feelings distress in [her] peace of mind for the immediate safety of [her] anatomy parts." Id. Carr gives no date for this incident.

Further, Carr alleges that a USPS employee created an "extremely strong and powerful frictional shock forces by slam shutting the neighbors metal mail boxes closure flap," and also created "extremely loud scraping noise sounds and frictional shock forces by bearing down on [Carr's] neighbors metal fence front gate against the concrete surface." Id. Carr claims that these forces "project onto [her] property and anatomy parts and violently and forcefully causes severe and intense hot burning sensational feelings [and] pain . . . ." Id. Carr gives no date for this incident.

Finally, Carr claims that on December 20, 2004, a USPS employee "banged extremely loud, violently and forcefully on the wall area of plaintiff's home front porch where the plaintiff's mail box is mounted and created extremely loud noisy forces." Id. at 3-B. These forces then "travelled up to the second level of the plaintiff's home where the plaintiff was sitting, and, violently and forcefully struck the plaintiff's anatomy parts . . . ." Id. Carr seeks $14 billion in relief – $7 billion for her injuries and $7 billion in punitive damages.

2. 09-cv-131

In her second suit, Carr claims that, on several occasions between August 2005 and December 2008, she was injured when she visited the Dixwell Avenue Post Office in Hamden. Specifically, Carr claims that forces and shocks of the type described above were caused by various objects in and around the Post Office, including, inter alia, a gray concrete retainer wall, a threshold metal plate at the building's main

entrance, a blue metal mailbox, and a metal clip attached to a heavy duty rope on a flag pole outside the Post Office. The forces and shocks created by, or emanating from, these objects allegedly caused Carr injuries of the type described above as she was walking in or around the Post Office, as well as driving her car past the Post Office. In this suit she seeks $6 billion in damages.

3. 09-cv-137

Carr's third suit alleges that, on multiple occasions beginning in February 2001, she was injured by shock forces in or near the Dixwell Avenue Post Office in Hamden. These shock forces were created by, inter alia, a maintenance man scraping a windowsill surface, an employee banging on the floor, the harsh voices and language of USPS employees, the harsh voices and language of USPS customers and other unidentified individuals, air exhaled by USPS employees, and the opening of Post Office doors. Again, Carr claims she sustained her injuries as she walked in and around the Dixwell Avenue Post Office and drove near the Post Office. She requests over $1 billion in damages.

4. 09-cv-138

Carr's fourth suit alleges that, on multiple occasions beginning in March 2001, she was injured by shock forces in or near the Post Office located at 50 Brewery Street in New Haven. These shock forces emanated from, or were created by, inter alia, a grayish-blue door in the Post Office, the abusive language of Post Office employees, body odors released by USPS employees, laughter of USPS employees, the voices of USPS customers and "political figures" visiting the Post Office, and cars parked near the Post Office. Carr seeks over $7 billion in damages for her injuries.

5. 09-cv-144

Carr's fifth lawsuit alleges that, on multiple occasions in 2008, she was injured by shock forces in or near the Post Offices located at 1744 Dixwell Avenue in Hamden and 50 Brewery Street in New Haven. The shock forces emanated from, or were created by, inter alia, the opening of a door in the Hamden Post Office, the light emitted by a camera flashbulb used by a USPS employee, the abusive language of USPS employees, the postal clerks' workstations, and the stamp device instruments used by USPS employees. Carr seeks $1 million in damages.

6. 09-cv-147

Carr's sixth and final Complaint alleges that, on multiple occasions in 2007, she was injured by shock forces in or near the Post Offices located at 1744 Dixwell Avenue in Hamden and 50 Brewery Street in New Haven. The shock forces emanated from, or were created by, inter alia, the grayish-blue door in the New Haven Post Office's general delivery section area, the abusive language of USPS employees, a USPS employee who caused a cart she was pushing to strike a door in the New Haven Post Office, a USPS employee's cellphone, and a USPS employee's computer keyboard.

In addition, Carr claims that on January 9, 2007, a powerful motor oil fume polluted the customer service waiting area in the New Haven Post Office, which caused her, inter alia, severe and intense chest pains. Carr does not claim that the USPS or any of its employees caused the alleged pollution, nor that the USPS or its employees breached any duty relating to the alleged pollution.

Carr seeks $5 million in damages for injuries sustained as a result of these incidents.

## IV. DISCUSSION

### A. Section 1915 Review

Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).

"A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

The facts Carr alleges rise to such a level. Carr appears to believe that, since at least 2001, she has been the victim of repeated attacks carried out by the employees, equipment, facilities, and customers of the United States Postal Service. The weapon used in these attacks is almost invariably a type of "shock force" that Carr describes with terms such as "sound force," "energetic energy," "currents," and "magnetic strike

forces."[4] See, e.g., Complaint, 09-cv-144 (JCH), at 3. According to Carr's recent Complaints, the shock forces seem to be caused largely by loud or unpleasant noises or voices, but also have the tendency to emanate from inanimate objects such as doors and stamp machines. Carr claims that these shock forces are quite precise, often striking particular parts of her body that cause great pain and humiliation. See, e.g., Complaint, 09-cv-44 (JCH) (the shock forces "violently and forcefully struck the plaintiff's groin and rectum painfully and humiliatingly"). Carr believes the shock forces have the ability to travel great distances and penetrate metal doors, moving vehicles, and buildings. See, e.g., Complaint, 09-cv-147 at 3-G (alleging that shock forces from Hamden Post Office struck Carr as she was driving her car past the Post Office's front door).

These allegations are too fantastic to be believed. Even keeping in mind the aphorism that truth is often stranger than fiction, the court cannot find that Carr's claims have any base in law or in fact. The claims are not merely unlikely; they are incredible. Moreover, Carr's history of mental illness and admitted continuing treatment for psychiatric problems further argue in favor of finding that her allegations are the product of delusion. Allowing Carr's suits to proceed would subject the prospective defendant – in this case, the government – to the type of inconvenience and expense that Section 1915(e)(2)(B) is clearly meant to avoid. Accordingly, Carr's claims relating to injuries caused by the alleged shock forces must be dismissed.

[4]Carr also claims that, on occasion, she was injured by odors or lights in Post Offices, but these allegations are relatively few compared to the allegations of injury by shock force.

B. Leave to Amend

When addressing a pro se complaint, "a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002). However, "futility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotation marks and citations omitted).

Carr has previously filed several Complaints against the United States and the USPS, all based on claims similar to those alleged in the instant actions. In at least two previous cases, the court has allowed Carr to amend her initial Complaints.[5] In these cases, even following amendment, Carr's Complaints were found to be without merit. In short, the court has made every effort to ensure that the courthouse doors remain open for the adjudication of Carr's claims. However, with the exception of Case No. 09-cv-147, the Court finds that amendment is not warranted in the present cases because Carr has failed to allege any arguably meritorious claims.[6] Accordingly, the court dismisses Carr's Complaints with prejudice.

---

[5] See, e.g., Doc No. 37 in Carr v. United States Postal Service, No. 02-cv-2100 (DJS); Doc. No. 19 in Carr v. United States of America, No. 05-cv-1474 (JCH).

[6] While Carr's allegation that she suffered injuries as a result of noxious fumes at the New Haven Post Office currently fails to state a claim upon which relief may be granted (Carr has not alleged that the defendant caused the fumes), the claim does not rise to a level of incredulity. Consequently, if Carr can allege that the USPS caused the motor oil odor that allegedly injured her, she may move, within 21 days, to reopen Case No. 09-cv-147 with a proposed amended complaint.

C. Warning of Injunction

Carr has now filed at least ten FTCA Complaints in this court against the United States and the USPS. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted). Carr is cautioned that since her repeated filings relate to similar facts and issues (with the exception of the allegation concerning the motor oil fumes), all of which have been found to be without merit, further filings of any complaint, petition, or proceeding alleging claims substantially similar to those in 09-cv-44, 09-cv-131, 09-cv-137, 09-cv-138, or 09-cv-144 may result in the issuance of an order prohibiting her from filing any future lawsuits in this court without first obtaining leave of the court.

Carr is further advised that she must annex a copy of this Ruling to any complaint, petition, or pleading she seeks to file in the United States District Court for the District of Connecticut henceforth. A failure to abide by any of the terms of this Ruling could result in the imposition of sanctions.

## V. CONCLUSION

For the reasons stated herein, the plaintiffs' Complaints are **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). With the exception of Case No. 09-cv-147, the Complaints are dismissed with prejudice. Judgement shall enter for the defendant in all six cases. The Clerk is directed to send a copy of this order to plaintiff by mail and is directed to close the cases. Plaintiff may move to reopen Case No. 09-cv-147 by filing,

within 21 days, a motion to reopen and a proposed amended complaint, if she has a basis in fact to allege that the defendant is liable for the injuries she sustained as a result of the motor oil fumes in the New Haven Post Office.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 5th day of February, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge